## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAEGAN GRIFFIN<br>8 Burkey Drive<br>Denver PA, 17517 | :<br>:<br>: |
| | : |
| | :       JURY DEMANDED |
| Plaintiff, | : |
| | : |
| v. | : |
| | :       No. |
| CLK MULTI FAMILY MANAGEMENT<br>LLC d/b/a SUBURBAN PARK<br>2685 Carnegie Road<br>York, PA 17402 | :<br>:<br>:<br>: |
| | : |
| And | : |
| | : |
| CLK MULTI FAMILY MANAGEMENT,<br>LLC<br>135 Crossways Park Drive<br>Woodbury, NY 11797 | :<br>:<br>:<br>: |
| | : |
| Defendants | : |

## CIVIL ACTION COMPLAINT

**I. Parties and Reasons for Jurisdiction.**

1.      Plaintiff, MAEGAN GRIFFIN (hereinafter "Plaintiff") is an adult individual residing at the above address.

2.      Defendant, CLK MULTI FAILY MANAGEMENT, LLC d/b/a SUBURBAN PARK (hereinafter "Suburban") is a limited liability corporation, organized by and operating under the laws of the Commonwealth of Pennsylvania and having a principle place of business at the above captioned address.

3.      Defendant, CLK MULTI FAILY MANAGEMENT, LLC is a business entity, organized by and operating under to the laws of the State of New York and owning, operating and doing business at the above captioned York, Pennsylvania address.

4.      At all times material hereto, Defendants, CLK MULTI FAILY MANAGEMENT, LLC d/b/a SUBURBAN PARK and CLK MULTI FAILY MANAGEMENT, LLC are acting together, in concert, by and on each other's behalf. At all times material hereto, Defendants were Plaintiff's employer(s).

5.      Plaintiff has exhausted her administrative remedies pursuant to the Equal Employment Opportunity Act and the Pennsylvania Human Relations Act.  (See Exhibit A, a true and correct copy of a dismissal and notice of rights letter issued by the United States Equal Employment Opportunity Commission.

6.      This action is instituted for violations of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000, et seq).

7.      Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

8.      Supplemental jurisdiction over the Plaintiff's state law claims is conferred pursuant to 28 U.S.C. § 1367.

9.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendants conduct business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Plaintiff was working in the Middle District of Pennsylvania at the time of the illegal actions by Defendants as set forth herein.

**II.  Operative Facts.**

10.      On or about August 22, 2018, Plaintiff was hired by Defendants as an assistant manager for their Suburban Park apartment complex at the above captioned York, Pennsylvania address.

11. Beginning in or around May of 2019, Plaintiff began to be the target of sexual harassment by one of Defendants' tenants, Joel Reyes.

12. Mr. Reyes would approach Plaintiff while she was on the grounds of the complex during the course of her work day and make comments about her appearance, call her beautiful, and attempt to flirt with her.

13. Plaintiff made it clear to Mr. Reyes that his commentary was unwanted.

14. Plaintiff additionally made complaints to Defendants' manager, Stephanie.

15. Stephanie did nothing to address or prevent Mr. Reyes' conduct.

16. Additionally, Stephanie was physically present and observed many of these encounters, prompting her to give Mr. Reyes the nickname of "gigolo".

17. Stephanie would call Mr. Reyes "gigolo" to his face in a joking manner, and they would laugh about the situation with Plaintiff present.

18. Beginning in July of 2019, as Reyes's behavior was not being addressed with the seriousness it deserved, Mr. Reyes became more aggressive in his behavior.

19. In one situation, Mr. Reyes told Plaintiff that she "looked tired" and stated that he "wanted to give [Plaintiff] a massage and lick off the oil".

20. Plaintiff again told Mr. Reyes that his commentary was unwanted and inappropriate, and made an additional complaint to Stephanie.

21. To Plaintiff's knowledge, nothing was done to address her complaint.

22. On September 6, 2019, Mr. Reyes approached Plaintiff in the parking lot and began making extremely vulgar, sexual comments toward Plaintiff, including stating he wanted to "eat her pussy and ass".

23. Plaintiff immediately reported this incident to Stephanie.

24.     On September 13, 2019, Mr. Reyes again followed Plaintiff from in front of the office and cornered her in the back room.

25.     In addition to making the same vulgar comments, Mr. Reyes physically assaulted Plaintiff, grabbing her buttocks and trying to kiss her, and flashing her an image of his penis on his phone.

26.     Plaintiff was able to get away, at which time she called the police and again reported the incident to Stephanie over the phone.

27.     Stephanie did not take the incident seriously, as she asked Plaintiff if she had "calmed down yet" before instructing her to go post a notice on the office door of a sister property.

28.     As a result of this attack, Plaintiff has been suffering from panic attacks and anxiety, for which she is now seeing a doctor and a therapist.

29.     Plaintiff has not returned to work, as the charges against Mr. Reyes are still pending.

30.     At all times material, Defendants created and maintained a hostile work environment that Plaintiff was subjected to and required to work in.

31.     At all times material hereto, Defendants fostered an atmosphere where sexual harassment and hostile work environment was permissible.

32.      As a direct and proximate result of Defendants' conduct, Plaintiff sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages, as well emotional distress, humiliation, pain and suffering and other damages as set forth below.

**III. Causes of Action.**

**COUNT I**
**VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**(Hostile Work Environment; 42 U.S.C.A. § 2000 et seq)**

33. Plaintiff incorporates paragraphs 1-32 as if fully set forth at length herein.

34. Defendants employed fifteen (15) or more employees in 2019.

35. Plaintiff was subjected to unwanted unwelcome sexual advances, language, innuendo, statements and physical touching while employed by Defendants.

36. The aforementioned conduct was severe, pervasive, and continuous and created a hostile work environment for Plaintiff to work within.

37. The aforementioned conduct interfered with Plaintiff's ability to perform her job.

38. Defendants conduct, as set forth above, violated Title VII of the Civil Rights Act of 1964.

39. As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

**COUNT II**
**VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT**
**(43 Pa.C.S.A. § 951 et seq)**

40. Plaintiff incorporates paragraphs 1-39 as if fully set forth at length herein.

41. Plaintiff is a qualified employee and person within the definition of Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

42. Defendants are "employers" and thereby subject to the strictures of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

43. As described above, Plaintiff, in the course and scope of her employment, was subjected to a sexually harassing and hostile work environment.

44. Defendants failed to remedy the sexual harassment despite actual or constructive knowledge.

45. Defendants' conduct constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

46. As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, loss of tips as well as personal injury, emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

47. As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

48. Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq. Plaintiff demands attorneys fees and court costs.

## IV. Relief Requested.

**WHEREFORE,** Plaintiff Maegan Griffin demands judgment in her favor and against Defendants, jointly and severally, in an amount in excess of $150,000.00 together with:

A.  Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering

B.  Punitive damages;

C.  Attorneys fees and costs of suit;

D.  Interest, delay damages; and,

E.  Any other further relief this Court deems just proper and equitable..

**LAW OFFICES OF ERIC A. SHORE, P.C.**

BY:_____
   **GRAHAM F. BAIRD, ESQUIRE**
   Two Penn Center
   1500 JFK Boulevard, Suite 1240
   Philadelphia, PA 19102
   Attorney for Plaintiff, Maegan Griffin

Date:  6/24/2020

# EXH. A

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To:  **Maegan Griffin**
    **8 Burkey Drive**
    **Denver, PA 17517**

From:  **Philadelphia District Office**
    **801 Market Street**
    **Suite 1300**
    **Philadelphia, PA 19107**

☐   *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **530-2020-00078** | **Legal Unit,**<br>**Legal Technician** | **(267) 589-9707** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☒   More than 180 days have passed since the filing of this charge.

☐   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒   The EEOC is terminating its processing of this charge.

☐   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐   The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*(signature)*

**Jamie R. Williamson,**
**District Director**

April 8, 2020
*(Date Mailed)*

Enclosures(s)

CC:   **Mike Keith**
    **CLK MULTIFAMILY MANAGEMENT**
    **5545 Murray Avenue; Third Floor**
    **Memphis, TN 38119**

    **Graham F. Baird, Esq.**
    **Two Penn Center**
    **1500 John F. Kennedy Boulevard, Suite 1240**
    **Philadelphia, PA 19102**

Enclosure with EEOC
Form 161-B (11/16)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***